UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANY ALDER,<br><br>    Plaintiff,<br><br>v.<br><br>USPS,<br><br>    Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Tiffany Alder, by and through her attorney, Christi Wallace, Esquire, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Family Medical Leave Act (FMLA), 29 U.S.C. §§2611-2619. Plaintiff made a request for FMLA leave. As a result of that request, Defendant terminated Plaintiff.

### II. Jurisdiction and Venue

2. This action arises under the ADA, 42 U.S.C. §§12101-12203. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this

action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5. Plaintiff, Tiffany Alder ("Plaintiff"), is an adult individual residing at 350 Stevens Drive Apt. 303, Pittsburgh, PA 15237.

6. Defendant, USPS ("Defendant"), is a business with a location at 445 Saint Clair Ave., Clariton, PA 15025.

### IV. Facts

7. Plaintiff became employed with Defendant on February 20, 2016.

8. Plaintiff originally held the position of a PSE Clerk but was promoted to PTF Clerk.

9. On Monday, March 7, 2016, Plaintiff's husband came home feeling sick. He got progressively worse as the night went on. Plaintiff's husband started breathing heavy and wanted to vomit but couldn't. This was the same condition that had happened in September 2015 when they got back from vacation.

   a. Plaintiff called 911 and her Supervisor, Joann Crovak ("Ms. Crovak"), and explained that she couldn't come in the next day.

   b. Plaintiff's husband was sent home from the hospital with instructions to come back the next day.

10. On March 8, 2016, Plaintiff called Ms. Crovak and told her she couldn't come in on Wednesday, March 9, 2016, because she had to take her husband to the hospital.

11. On March 9, 2016, on the way to the doctor's office, the post-master Jennifer Stunja (Ms. Stunja) called to find out what was happening and when Plaintiff would return to work.

   a. Plaintiff said she would call Ms. Stunja with an update after the doctor's office.

12. While at the doctor's office, Plaintiff's husband had a second episode and had to be rushed to the ER.

   a. Plaintiff called her Union Representative, Bob Montana (Mr. Montana), to see if there was anything she should be doing.

   b. Mr. Montana recommended she call Ms. Stunja and acquire FMLA leave.

   c. Plaintiff subsequently called Ms. Stunja for FMLA leave and was told that they would get it started for her.

13. Ms. Stunja subsequently sent a text to Plaintiff stating that a co-worker would be coming in to cover for her on March 10, 2016.

   a. Plaintiff responded thanks and asked Ms. Stunja to get the FMLA form so she could have her doctor's fill it out.

14. On Friday, March 11, 2016, Plaintiff returned to work.

   a. Upon arriving at work, Plaintiff was given a letter of separation by Ms. Crovak stating she was terminated for failure to be in regular attendance.

## V. Allegations

### Count I
### FMLA Retaliation

15. The preceding paragraphs are incorporated herein as if set forth at length.

16. Defendant retaliated against Plaintiff for requesting FMLA.

    a. Plaintiff requested FMLA on March 10, 2016 and was told her FMLA was being started.

    b. As soon as Plaintiff request FMLA, Plaintiff was retaliated against and terminated on March 11, 2016 for attendance issue despite Plaintiff being in constant contact with Defendant on her husband's medical issues.

17. Defendant was terminated because of her request for FMLA leave on March 11, 2016.

### Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for the following:

    a. Loss of future wages in excess of $80,000;

    b. Additional punitive damages in excess of $75,000;

    c. Plaintiff's legal fees in excess of $25,000;

    d. Pre-judgment and continuing interest;

    e. Court costs; and

    f. Other such relief as the Court may deem just and proper.

Respectfully submitted,

*Christi Wallace*

Christi Wallace, Esq.
Kraemer, Manes and Associates, LLC
U.S. Steel Tower
600 Grant Street, Suite 660
Pittsburgh, PA 15219